1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| J.S., *et al.*,<br><br>             Plaintiffs,<br><br>      v.<br><br>COUNTY OF FRESNO, *et al.*,<br><br>             Defendants. | Case No.  1:23-cv-01070-KES-EPG<br><br>ORDER GRANTING MOTIONS TO APPOINT GUARDIAN AD LITEM<br><br>(ECF Nos. 26-30) |

17

18

19

20

21

22

23

        Plaintiffs J.S., J.T., Teresa Slaven, and Robert Slaven have brought this civil rights action against Defendants in connection with the alleged wrongful death of William Slaven. (ECF No. 16). Plaintiff J.S. is a minor acting by and through her proposed guardian ad litem, Lena Escamilla. Plaintiff J.T. is a minor acting by and through her proposed guardian ad litem, Heather Turner. Currently before the Court are Plaintiffs' motions to appoint Lena Escamilla and Heather Turner as guardians ad litem for Plaintiffs J.S. and J.T., respectively. (ECF Nos. 27, 30). For the reasons stated below, the Court grants the motions.

24

**I.      LEGAL STANDARDS**

25

26

27

        Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

28

        (a) **Appointment of Representative or Guardian.** Upon commencement of an

1

action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

. . . .

(c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

## II.      DISCUSSION

Plaintiffs' motion to appoint Lena Escamilla as guardian ad litem for Plaintiff J.S. states that Plaintiff J.S. is ten years old and resides with her maternal grandmother, Ms. Escamilla, who is not a plaintiff in this action. (ECF No. 27 at 1-2). The motion states that Ms. Escamilla has no interest potentially adverse to Plaintiff J.S., and that Ms. Escamilla is "a responsible adult and is fully competent to understand and protect the rights of the minor." (*Id.* at 2). Included with the motion is a form indicating that Ms. Escamilla has consented to being appointed guardian ad litem for Plaintiff J.S., as well as a declaration by Ms. Escamilla. (ECF Nos. 27-1, 26). Ms. Escamilla's declaration states that Plaintiffs J.S. and J.T. are the children of decedent William Slaven and his co-successors in interest under section 377.11 of the California Code of Civil Procedure. (ECF No. 26 at 2). As such, "[n]o other person has a superior right to commence the action or proceeding or to be substituted for the Decedent in the pending action or proceeding." (*Id.*).

Plaintiffs' motion to appoint Heather Turner as guardian ad litem for Plaintiff J.T. states

2

1  that Plaintiff J.T. is fourteen years old and resides with her mother, Heather Turner, who is not a

2  plaintiff in this action. (ECF No. 30 at 1-2). The motion states that Ms. Turner has no interest

3  potentially adverse to Plaintiff J.T., and that Ms. Turner is, "a responsible adult and is fully

4  competent to understand and protect the rights of the minor." (*Id.* at 2). Included with the motion

5  is a form indicating that Ms. Turner has consented to being appointed guardian ad litem for

6  Plaintiff J.T., as well as a declaration by Ms. Turner. (ECF Nos. 30-1, 29). Ms. Turner's

7  declaration states that Plaintiffs J.S. and J.T. are the children of decedent William Slaven and his

8  co-successors in interest under section 377.11 of the California Code of Civil Procedure. (ECF

9  No. 29 at 2). [1] As such, "[n]o other person has a superior right to commence the action or

10  proceeding or to be substituted for the Decedent in the pending action or proceeding." (*Id.*).

11        The minor Plaintiffs lack the capacity to sue under California law. *See Ramirez Fonua v.*

12  *City of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at \*1 (N.D. Cal. Jan. 4, 2022)

13  ("Under California law, an individual under the age of eighteen may enforce his or her rights by

14  civil action or other legal proceedings in the same manner as an adult, except that a guardian must

15  conduct the action or proceedings.") (citing Cal. Fam. Code §§ 6500, 6601); Cal. Civ. Proc. Code

16  § 372 ("When a minor, a person who lacks legal capacity to make decisions . . . is a party, that

17  person shall appear either by a guardian or conservator of the estate or by a guardian ad litem

18  appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each

19  case."); Fed. R. Civ. P. 17(b) (noting that capacity to sue for an individual who is not acting in

20  representative capacity is determined by the law of the individual's domicile).

21        Therefore, appointment of a guardian ad litem is necessary and appropriate. There does

22  not appear to be any conflict of interest between the proposed guardians ad litem and the minor

23  Plaintiffs. Additionally, there is nothing to indicate that the proposed guardians ad litem would

24  not act in the minor Plaintiffs' best interests. *See M.P. by & through McCollum v. Cnty. of San*

25  *Joaquin*, No. 2:23-CV-00245 AC, 2023 WL 3343956, at \*1 (E.D. Cal. May 10, 2023) ("Fit

26  parents are presumed to act in the best interests of their children.").

      Further, the Court concludes that counsel has provided sufficient information of counsel's

27

28  [1] William Slaven's death certificate is attached to the declarations of Lena Escamilla and Heather Turner. (ECF Nos. 26, 29).

1   interest under Local Rule 202(c).[2] Plaintiffs' counsel filed a declaration indicating the following:

2   counsel was retained on a contingency fee basis by Plaintiffs Teresa and Robert Slaven and the

3   proposed guardians ad litem, Lena Escamilla and Heather Turner; the retainer agreement

4   contemplated that Ms. Escamilla and Ms. Turner would serve as guardians ad litem for the minor

5   plaintiffs upon the Court's approval; counsel did not become involved in the representation at the

6   instance of any of the defendants and counsel stands in no relation to the defendants or their

7   counsel; and counsel has received no compensation to date, but upon any recovery expects to be

8   compensated pursuant to the contingency fee agreement. (ECF No. 32 at 2-3).

### III.    CONCLUSION AND ORDER

9   
10          Upon review, IT IS ORDERED that the motions to appoint a guardian ad litem (ECF Nos.

11  27, 30) are GRANTED. Lena Escamilla shall serve as the guardian ad litem for Plaintiff J.S., and

12  Heather Turner shall serve as the guardian ad litem for Plaintiff J.T. Should there be a settlement

13  of the minor Plaintiffs' claims, counsel is directed to seek court approval as required by Local

14  Rule 202(b).

15  IT IS SO ORDERED.

16  
17          Dated:    **November 4, 2024**                    /s/ _Erica P. Grosjean_
                                                        UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27  _____
    [2] On October 30, 2024, the Court directed Plaintiffs to file a supplement to the motions to appoint guardian
    ad litem that contained the attorney disclosure information required by Local Rule 202(c). (ECF No. 31).
28  On October 31, 2024, counsel for Plaintiffs filed a supplemental declaration. (ECF No. 32).

4