UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S., *et al.*,<br><br>            Plaintiffs,<br><br>     v.<br><br>COUNTY OF FRESNO, *et al.,*<br><br>            Defendants. | Case No.   1:23-cv-01070-KES-EPG<br><br>ORDER DENYING, WITHOUT PREJUDICE, PROPOSED PROTECTIVE ORDER<br><br>(ECF No. 34) |

This matter is before the Court on the parties' stipulation[1] for the Court to approve their proposed protective order. (ECF No. 34). Upon review, the Court will deny the parties' request without prejudice because it does not comply with the Court's Local Rules and the Court's established practices.

Among other things, the proposed protective order fails to address Local Rule 141.1(c), which sets out various requirements for a protective order. For example, the parties define "confidential information or items" to mean "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (ECF No. 34 at 2) (minor alterations). But this definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141.1(c)(1), which requires as follows: "A description of the types of information eligible for

---

[1] The proposed protective order was signed by Plaintiffs and Defendant County of Fresno only.

1

protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." Additionally, the scope the use of such material under the proposed order is unclear, as the section regarding its scope contains an incomplete sentence. *See* ECF No. 34 at 4) ("Any use of Protected Material at trial shall be governed.")

Additionally, Exhibit A to the proposed order ("Acknowledgement and Agreement to be Bound") states that the court with jurisdiction to enforce the protective order is the United States District Court for the Northern District of California. (ECF No. 34 at 14). It is thus unclear if the parties are intending for the proposed protective order to apply in a judicial district other than the Eastern District of California where this action is proceeding. This is particularly so considering the Acknowledgement and Agreement to be Bound omits the designation of the district judge assigned to this case. (*Id.*).

Lastly, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). As written, the proposed order would apply to this Court and its personnel. *See, e.g.*, ECF No. 34 at 3 (defining "Non-Party" as "*any* natural person, partnership, corporation, association, or other legal entity not named as a Party to this action") (emphasis added). As another example, the proposed order provides that if disclosure of Protected Material is ordered by a court in another action, the entity from whom disclosure is sought cannot produce the material without an order from that court, unless the other party consents. (ECF No. 34 at 9). Thus, to the extent this or any other provision of the proposed order would bind this Court or its personnel, the Court's established practices or Rules will govern.

Accordingly, IT IS ORDERED that the parties' stipulation for the Court to approve their proposed protective order (ECF No. 34) is denied without prejudice.
IT IS SO ORDERED.

Dated:   **December 11, 2024**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE