UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S., et al., | Case No. 1:23-cv-01070-KES-EPG |
| Plaintiffs, | |
| v. | ORDER GRANTING, IN PART, JOINT STIPULATION FOR A PROTECTIVE ORDER |
| FRESNO COUNTY SHERIFF'S OFFICE EMPLOYEES, et al., | |
| Defendants. | (ECF No. 65) |

This matter is before the Court on the parties' joint stipulation for the Court to approve their proposed protective order. (ECF No. 65). Upon review, the Court will grant the stipulation in part.

The Court finds the proposed protective order acceptable in most respects. However, the Court notes that the parties define the term "'confidential' information or items" to mean "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." (*Id.* at 3).

Such an expansive definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection and without ever disclosing the types of information at issue under Local Rule 141.1(c)(1), which requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list,

1

formula for soda, diary of a troubled child)." However, the parties elsewhere indicate that the confidential information or items may include "personnel file records of any peace officer or medical professional; "medical records, including mental-health and psychiatric records; or "social security numbers, addresses, phone numbers, and similar such sensitive, identifying information (unless redacted by order or by agreement of all parties)." (ECF No. 65 at 3). The Court will limit the parties' definition of confidential information or items to such records.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 13 at 4 (noting procedures regarding informal discovery conferences and discovery motions); the Court's Standard Procedures (same), available on the Court's website).

Accordingly, IT IS ORDERED that the parties' stipulation for a protective order (ECF No. 65) is granted, in part, as revised above.

IT IS SO ORDERED.

Dated:   **May 29, 2025**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE