**Sanjay S. Schmidt (SBN 247475)**
**Alex Feigen Fasteau (SBN 213044)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**T. Kennedy Helm, IV (SBN 282319)**
**HELM LAW OFFICE, PC**
644 40th Street, Suite 305
Oakland, California 94609
Telephone: (510) 350-7517
Facsimile: (510) 350-7359
E-mail: kennedy@helmlawoffice.com

*Attorneys for Plaintiffs J.S., by and through
her guardian ad litem, Lena Escamilla, and J.T.,
by and through her guardian ad litem,
Heather Turner*

**Margaret E. Long (SBN 227176)**
**Caitlin Smith (SBN 269716)**
**PRENTICE LONG, PC**
2240 Court Street
Redding, CA 96001
Telephone: (530) 691-0800
Facsimile: (530) 691-0700
E-mail: margaret@prenticelongpc.com
E-mail: caitlin@prenticelongpc.com

*Attorneys for Defendants County of
Fresno and Fresno County Sheriff's
Office*

**Raymond J. McMahon (SBN 169001)**
**Pauly B. Kim (SBN 342000)**
**Alexander M. Farkas (SBN 312302)**
**SCHAFER McMAHON, LLP**
5440 Trabuco Road
Irvine, California 92620
Telephone: (949) 727-7077
E-mail: rmcmahon@sm-lawyers.com
E-mail: pkim@sm-lawyers.com
E-mail: afarkas@sm-lawyers.com
*Attorneys for Defendant Jessica
Martinez, LMFT*

**Lindsey M. Romano (SBN 337600)**
**Kendra N. Stark (PRO HAC VICE)**
**GORDON REES SCULLY**
**MANSUKHANI, LLP**

275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-4126
Facsimile: (415) 986-8054
E-mail: lromano@grsm.com
E-mail: kstark@grsm.com

*Attorneys for Defendant Wellpath, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S., a minor, by and through her guardian ad litem, Lena Escamilla, individually and as co-successor in interest to Decedent William Slaven; J.T., a minor, by and through her guardian ad litem, Heather Turner, individually and as co-successor in interest to Decedent William Slaven; Teresa Slaven, individually; and Robert Slaven, | ) Case No. 1:23-cv-01070-KES-EPG<br>)<br>) **JOINT STATUS REPORT WITH**<br>) **STIPULATION AND ORDER TO**<br>) **MODIFY CURRENT SCHEDULING**<br>) **ORDER IN VIEW OF IMPENDING**<br>) **ADDITION OF NECESSARY PARTY** |

1

individually,                                    )  **(ECF. NO 68)**
                                                 )
          Plaintiffs,                            )
     v.                                          )
                                                 )
COUNTY OF FRESNO, a public entity; Fresno        )
County Sheriff's Office employees DOES 1-30,     )
individually; WELLPATH, LLC, a Delaware          )
Corporation; JESSICA MARTINEZ, LMFT;             )
DOES 33-50; and DOES 51-70, jointly and          )
severally,                                       )
                                                 )
          Defendants.                            )
                                                 )
                                                 )

Plaintiffs J.S. and J.T., by and through their counsel, Sanjay S. Schmidt, of the Law Office of Sanjay S. Schmidt and T. Kennedy Helm, IV, of Helm Law Office, PC; Defendant County of Fresno, by and through their counsel, Margaret E. Long and Caitlin Smith, of Prentice Long, PC; Defendant Wellpath, LLC, by and through their counsel, Lindsey M. Romano and Kendra N. Stark, of Gordon Rees Scully Mansukhani, LLP; and Defendant Jessica Martinez, LMFT, by and through her counsel, Pauly B. Kim and Raymond J. McMahon, of Schafer McMahon, LLP; these parties, collectively referred to as the "Parties", hereby submit this joint stipulation, and respectfully request as follows:

RECITALS

Plaintiffs and Defendant County of Fresno ("County") have served and responded to written discovery. Plaintiffs and Defendant Jessica Martinez have also exchanged written discovery requests. Plaintiffs continue to meet and confer with counsel for the County and Jessica Martinez regarding certain discovery matters.

Plaintiffs' counsel and counsel for Wellpath, LLC ("Wellpath") have also met-and-conferred extensively regarding the need to amend the complaint to add a necessary party, California Forensic Medical Group, Inc. ("CFMG"). CFMG is a necessary party within the meaning of Federal Rule of Civil Procedure 19(a)(1)(A), in whose absence "the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A). There has been a stipulation in principle between Plaintiffs' counsel and counsel for Wellpath (who will also be

2

representing CFMG) to do so for several months, but the parameters could not be ironed out until the U.S. Bankruptcy Court overseeing Wellpath's bankruptcy proceedings issued its final order. The reason this was needed was because Wellpath, as a party, is a necessary signatory to such a stipulation under Federal Rule of Civil Procedure 15, but could not participate even by virtue of entering into a stipulation; language was proposed for Wellpath to only "specially appear" for purposes of the stipulation, but the language of the stipulation could not be finalized until the U.S. Bankruptcy Court issued its final order and clarified some ambiguities that were the subject of long-pending motions.

On January 26, 2026, the United States Bankruptcy Court for the Southern District of Texas, Houston Division, issued its *Revised and Amended Clarifying Order Enforcing (A) the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates, and (B) the Trust Distribution Procedures* [Case No. 24-90566, ECF No. 1279].

Thus, since CFMG is a necessary party under Federal Rule of Civil Procedure 19(a)(1)(A), in whose absence "the court cannot accord complete relief among existing parties[,]" Fed. R. Civ. P. 19(a)(1)(A), CFMG needs to be added, and crucial discovery remains to be completed. Based on the bankruptcy proceedings, Defendant Wellpath has been unable to participate in any discovery. The Wellpath bankruptcy proceedings – and the confusion and uncertainty that permeated the scope of Wellpath's post-bankruptcy involvement in the litigation – generated significant delays in this matter.

To this end, Plaintiffs have secured an agreement with Wellpath to stipulate to amend the complaint to substitute CFMG in for DOE Defendant Number 33. Once CFMG is added, discovery can be conducted between Plaintiffs and CFMG. Plaintiffs' counsel continues to meet and confer extensively with counsel for Wellpath and CFMG about acceptable language of a proposed stipulation for the filing of a Second Amended Complaint (adding CFMG), so that this can be affected, following which litigation can resume at a full clip, with all necessary parties, including CFMG, participating.

If depositions were to proceed without CFMG, despite the Parties knowing of CFMG's impending addition, it would risk subjecting deponents to being re-deposed later. Accordingly, the Parties have been forbearing from moving into the deposition phase and have been precluded altogether from conducting any discovery on Wellpath, LLC; these roadblocks will be removed when CFMG is substituted in for DOE Defendant No. 33.

Lastly, Plaintiffs received the Federal Rule of Civil Procedure 26(a)(1) initial disclosures from Defendant Martinez on November 13, 2025. The identity of Defendant Martinez's employer at the time of the alleged incident – whether Wellpath or CFMG – is currently under investigation. Defendant Martinez does not have custody, possession, or control over relevant records or policies, which are maintained, if at all, by third-party entities subject to ongoing inquiry. The current scheduling order does not afford adequate time for the completion of discovery by either Defendant Martinez or the Plaintiffs concerning any of these liability issues.

In sum, despite the diligence of the Parties, based on the circumstances described above, additional time is required to (1) bring in CFMG, a necessary party within the meaning of Federal Rule of Civil Procedure 19(a)(1)(A), via a Second Amended Complaint and then, once that has been effectuated, (2) to resume and complete discovery. These objectives cannot be completed within the temporal parameters of the operative scheduling order. Accordingly, good cause exists to modify it. The Parties expect the CFMG issue to be resolved very soon, following which CFMG is expected to appear, and then discovery can resume and proceed.

## STIPULATION

Therefore, for the foregoing reasons, the Parties respectfully stipulate that the operative scheduling order (ECF No. 68) be modified as follows:

| Matter | Current Deadline (ECF No. 68) | New Deadline |
|---|---|---|
| Non-Expert Discovery Cutoff | March 27, 2026 | September 25, 2026 |
| Expert Disclosures | May 6, 2026 | November 4, 2026 |
| Rebuttal Expert Disclosures | June 3, 2026 | December 2, 2026 |

| Expert Discovery Cutoff | July 8, 2026 | January 8, 2027 |
|---|---|---|
| Dispositive Motions Filing Deadline | August 19, 2026 | February 17, 2027 |
| Mid-Discovery Conference | December 11, 2026, at 10:30 a.m. | March 17, 2027, at 10:30 a.m. |
| Pre-Trial Conference | January 25, 2027, at 1:30 p.m. | July 26, 2027, at 1:30 p.m. |
| Jury Trial | April 6, 2027, at 8:30 a.m. | October 5, 2027, at 8:30 a.m. |

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully Submitted,

Dated: February 13, 2026

**HELM LAW OFFICE, PC**
**LAW OFFICE OF SANJAY S. SCHMIDT**

*/s/ Sanjay S. Schmidt*
By: SANJAY S. SCHMIDT
   *Attorneys for Plaintiffs*

Dated: February 13, 2026

**PRENTICE LONG, PC**

*/s/ Caitlin Smith\**
By: CAITLIN SMITH
   *Attorneys for Defendants County and Sheriff's Office of Fresno*

Dated: February 13, 2026

**SCHAFER McMAHON, LLP**

*/s/ Pauly B. Kim\**
By: PAULY B. KIM
   *Attorneys for Defendant Jessica Martinez, LMFT*

Dated: February 13, 2026

**GORDON REES SCULLY MANASUKHANI, LLP**

*/s/ Kendra N. Stark\**
By: KENDRA N. STARK

*Attorneys for Defendants Wellpath, LLC*

*Counsel provided their consent to the filing of this document via CM/ECF.

## ORDER

The Court, having considered the Parties' stipulation, and good cause appearing therefor, rules as follows:

The Court finds that the Parties have shown good cause for the relief their Stipulation requests. IT IS HEREBY ORDERED that the existing Scheduling Order (ECF No. 68) is modified as follows:

| Matter | Current Deadline (ECF No. 68) | New Deadline |
|---|---|---|
| Mid-Discovery Conference[1] | December 11, 2026, at 10:30 a.m. | June 10, 2026, at 10:30 a.m.[2] |
| Non-Expert Discovery Cutoff | March 27, 2026 | September 25, 2026 |
| Expert Disclosures | May 6, 2026 | November 4, 2026 |
| Rebuttal Expert Disclosures | June 3, 2026 | December 2, 2026 |
| Expert Discovery Cutoff | July 8, 2026 | January 8, 2027 |
| Dispositive Motions Filing Deadline | August 19, 2026 | February 17, 2027 |
| Pre-Trial Conference | January 25, 2027, at 1:30 p.m. | July 26, 2027, at 1:30 p.m. |
| Jury Trial | April 6, 2027, at 8:30 a.m. | October 5, 2027, at 8:30 a.m. |

IT IS SO ORDERED.

Dated:  __**February 26, 2026**__          ___/s/ Erica P. Grosjean___
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Upon review of the parties' stipulation and the Court's scheduling order (ECF No. 68), the Court found that the previously set mid-discovery conference was erroneously set to occur after the close of discovery. As such, the Court has amended the stipulation of the parties and set a mid-discovery conference to occur before the close of discovery.

[2] The parties shall file a joint status report one week before this date.

7