UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S., a minor, by and through her proposed guardian ad litem, LENA ESCAMILLA, individually and as co-successor in interest to Decedent WILLIAM SLAVEN; J.T., a minor, by and through her proposed guardian ad litem, HEATHER TURNER, individually and as co-successor in interest to Decedent WILLIAM SLAVEN; TERESA SLAVEN, individually; and, ROBERT SLAVEN, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO, a public entity; Fresno County Sheriff's Office employees DOES 1-30, individually; WELLPATH, LLC, a Delaware corporation; JESSICA MARTINEZ, LMFT; DOES 33-50; and, DOES 51-70, jointly and severally,<br><br>Defendants. | Case No. 1:23-cv-01070-KES-EPG<br><br>ORDER APPROVING STIPULATION FOR A PROTECTIVE ORDER<br><br>(ECF No. 99) |

This matter is before the Court on the parties' stipulation for a protective order. (ECF No. 99). Upon review, the Court will approve the parties' stipulation for a protective order.

The parties define confidential information subject to protection to include

Information or Items: Pursuant to Civil Local Rule 141.1(c)(1), confidential information encompasses information where public disclosure is likely to result in particularized harm, or where public disclosure would violate privacy interests recognized by law, and is limited to the following:

a. personnel file records of any peace officer or medical professional;
b. medical records, including mental-health and psychiatric records;

> c. social security numbers, addresses, phone numbers, and similar such sensitive, identifying information (unless redacted by order or by agreement of all parties);
> d. reviews by any review board or body, and analysis of the incident, including recommendations, disposition, discipline, and policy changes;
> e. clinical mortality review;
> f. administrative mortality review;
> g. psychological autopsy of the incident;
> h. insurance policies; and
> i. pooled risk management coverage.
>
> As to a showing of particularized need for protection as to each category of information under Civil Local Rule 141.1(c)(2), the parties submit the following items contain sensitive information protected by the parties' privacy rights: personnel files of peace officers; personnel records of medical professionals; medical records, including mental-health and psychiatric records; social security numbers and other such sensitive, identifying information (which could be used to commit identity theft if inadvertently disclosed, filed publicly, or disseminated without restriction); reviews by any review board or body, and analysis of the incident, including recommendations, disposition, discipline, and policy changes; clinical mortality review; administrative mortality review; psychological autopsy of the incident; insurance policies; and pooled risk management coverage. Pursuant to Local Rule 141.1(c)(3), as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties, the parties contend that a private agreement would not be as easily enforceable as would be a court's protective order, with which the parties have more familiarity.

(*Id.* at 3-4).

The Court approves the stipulation to the extent that confidential information is limited to a specific description as required by Local Rule 141.1(c)(1).

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that protective order conflicts with the Court's established practices or Rules, *e.g.*, such as following other procedures than provided under the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (ECF No. 109, p. 7; *see* ECF No. 25, pp. 3-4; Standard Procedures, available on the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50351/).

\\\

\\\

\\\

\\\

Accordingly, IT IS ORDERED that the parties' stipulation for a protective order (ECF No. 99) is granted, as specified above.

IT IS SO ORDERED.

Dated: **August 31, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE