UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S., a minor, by and through her proposed guardian ad litem, LENA ESCAMILLA, individually and as co-successor in interest to Decedent WILLIAM SLAVEN; J.T., a minor, by and through her proposed guardian ad litem, HEATHER TURNER, individually and as co-successor in interest to Decedent WILLIAM SLAVEN; TERESA SLAVEN, individually; and, ROBERT SLAVEN, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO, a public entity; Fresno County Sheriff's Office employees DOES 1-30, individually; CALIFORNIA FORENSIC MEDICAL GROUP, INC., a California corporation; WELLPATH LIQUIDATING TRUST, a nominal defendant; JESSICA MARTINEZ, LMFT; DOES 34-50; and, DOES 51-70, jointly and severally,<br><br>Defendants. | No. 1:23-cv-01070-KES-EPG<br><br>STIPULATION AND ORDER RE: JOINT REQUEST FOR CONTINUANCE OF SCHEDULING DEADLINES<br><br>(ECF No. 104) |

/ / /

/ / /

TO THE HONORABLE COURT:

By and through their counsel of record in this action, Plaintiffs J.S., J.T., William Slaven, Teresa Slaven, and Robert Slaven; Defendants County of Fresno and Fresno County Sheriff's Office; Defendant California Forensic Medical Group, Inc. ("CFMG"); and Defendant Jessica Martinez, LMFT, collectively referred to as the "Parties", hereby stipulate for the purpose of jointly requesting that the Honorable Court enter an order continuing the operative scheduling order deadlines [ECF No. 73.]

RECITALS

The Parties to this action, by and through their respective counsel of record, hereby jointly stipulate and request that this Court modify the current scheduling deadlines as set forth below. In support of this stipulation, the parties state as follows:

1. The Court entered the prior Scheduling Order in this matter, on February 26, 2026 (ECF No. 73). Plaintiffs filed the Second Amended Complaint on June 1, 2026 (ECF No. 79). On August 13, 2026, Plaintiffs filed the Third Amended Complaint ("TAC") (ECF No. 97), pursuant to a stipulation under Federal Rule of Civil Procedure 15(a)(2), as authorized by the Court (ECF No. 96). The Court previously granted an extension of the deadlines in the scheduling order based on the Wellpath bankruptcy and the addition of CFMG as a defendant.

2. The TAC substantially expands the scope of this litigation. Compared with the Second Amended Complaint, the TAC adds approximately ten pages of new factual allegations, including but not limited to:

(a) Detailed new factual allegations regarding CFMG/Wellpath's profit maximizing customs and cost-cutting practices, and includes specific allegations regarding staffing decisions and prioritization of profits over patient care;

/ / /

(b) Specific references to CFMG policy failures, including Suicide Prevention and Intervention Program Policy B-05 and the Medically Supervised Withdrawal and Treatment Policy;

(c) A detailed Clinical Institute Withdrawal Assessment/Clinical Opiate Withdrawal Scale ("CIWA/COWS") monitoring timeline demonstrating specific monitoring gaps;

(d) New Medication-Assisted Treatment ("MAT") failure allegations, including that Decedent was not evaluated for or offered MAT in custody;

(e) Extensive new purported historical pattern evidence, including a 2011 lawsuit, a 2019 ProPublica report finding no other jail in California had seen a sharper increase in inmate deaths than the Fresno County Jail, 2020 California State Auditor findings, and recent in-custody deaths;

(f) The addition of CFMG as a direct defendant on the Third Cause of Action (Bane Act, Cal. Civ. Code, § 52.1(b));

(g) A new "systemic constitutional injury" legal theory under the Second Cause of Action (*Monell* liability), citing *Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002) and *Owen v. City of Indep., Mo.,* 445 U.S. 622, 652 (1980); and

(h) An expansion of the Monell custom-and-policy allegations from 7 specific customs and practices to 13 specific customs and practices.

3. With the addition of CFMG, Plaintiffs are entitled to and need discovery from CFMG, but due to certain threshold requirements for this discovery that entailed an extensive meet and confer, it could not commence until a revised protective order was negotiated, filed, and executed, which was not completed until September 1, 2026. (ECF No. 100.) Plaintiffs requested from CFMG certain key documents via discovery on June 3, 2026, which items pertain to Defendant Martinez, but with respect to which Ms. Martinez did not have custody, possession, or

control; the request prompted meet and confers between counsel for Plaintiffs and CFMG in July and August, but these items, per CFMG, could not be produced by CFMG in the absence of a revised protective order for confidential documents that would specifically cover these items. A related issue was that the deposition of Defendant Jessica Martinez, LMFT, had been set for August 28, 2026, but due to the absence of the above-referenced documents pending entry of a revised protective order, which documents pertain directly to Ms. Martinez, that deposition had to be taken off the calendar and will be re-scheduled for the earliest practicable date when the outstanding documents are produced. The protective order delay is not the fault of any party, but it slowed the progression of discovery.

4. As a result of the TAC, the current scheduling deadlines cannot be met despite the parties' diligence. The expanded allegations, as well as the outstanding document requests that remained pending while the need for a revised protective order was negotiated and resolved, necessitate additional time on the schedule. Specifically, the allegations in the TAC require additional discovery related to the new factual allegations and legal theories set forth in the TAC and necessitate potentially retaining or consulting with additional experts in light of the new theories and expanded scope of the claims. The parties have been addressing threshold issues, including CFMG's addition, while also engaging in written discovery. The parties therefore request approximately six (6) additional months to complete discovery considering the expanded scope of the case.

5. The parties have been diligent. The scheduling order was set based on the scope of the prior complaint, and the need for additional time became apparent only after the filing of the TAC on August 13, 2026, which expanded the scope of the case. All parties conferred and agreed that the extension is warranted and that no party will be prejudiced by the continuance.

/ / /

6. The need for additional time was not foreseeable when the current schedule was set, and the parties also did not foresee the delay associated with the protective order issue referenced above, which issue has delayed the production of documents Plaintiffs anticipate to be integral to their case.

7. Good cause exists to modify the Scheduling Order. Here, the parties have acted diligently and the need for additional time arises from the substantial expansion of the case through the filing of the TAC, rather than from any lack of diligence, and all parties agree that the requested continuance is warranted, and no party will be prejudiced.

8. The parties stipulate and agree to the following modified pretrial deadlines:

STIPULATION

Therefore, for the foregoing reasons, the Parties respectfully stipulate that the operative scheduling order (ECF No. 73) be modified as follows:

| Matter | Current Deadline (ECF No. 73) | New Deadline |
|---|---|---|
| Non-Expert Discovery Cutoff | September 25, 2026 | March 25, 2027 |
| Expert Disclosures | November 4, 2026 | May 4, 2027 |
| Rebuttal Expert Disclosures | December 2, 2026 | June 4, 2027 |
| Expert Discovery Cutoff | January 8, 2027 | July 8, 2027 |
| Dispositive Motions Filing Deadline | February 17, 2027 | August 17, 2027 |
| Mid-Discovery Conference | March 17, 2027, at 10:30 a.m. | |
| Pre-Trial Conference | July 26, 2027, at 1:30 p.m. | |
| Jury Trial | October 5, 2027, at 8:30 a.m. | |

/ / /

/ / /

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully Submitted,

Dated: September 10, 2026

**LAW OFFICE OF SANJAY S. SCHMIDT**

*/s/ Sanjay S. Schmidt**
By: SANJAY S. SCHMIDT
*Attorneys for Plaintiffs*

Dated: September 10, 2026

**HELM LAW OFFICE, PC**

*/s/ T. Kennedy Helm, IV**
By: T. Kennedy Helm, IV
*Attorneys for Plaintiffs*

Dated: September 10, 2026

**PRENTICE LONG, PC**

*/s/ Margaret Long*
By: MARGARET LONG
*Attorneys for Defendants County and Fresno County Sheriff's Office*

Dated: September 10, 2026

**SCHAFER McMAHON, LLP**

*/s/ Sheila Mahmoudi**
By: SHEILA MAHMOUDI
*Attorneys for Defendant Jessica Martinez, LMFT*

Dated: September 10, 2026

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Jillian L. Tate**
By: JILLIANN L. TATE
*Attorneys for Defendant California Forensic Medical Group, Inc.*

*Counsel provided their consent to the filing of this document via CM/ECF.

ORDER

The Court, having considered the Parties' stipulation, and good cause appearing therefor, rules as follows:

The Court finds that the Parties have shown good cause for the relief their Stipulation requests. IT IS HEREBY ORDERED that the existing Scheduling Order (ECF No. 73) is modified as follows:

| **Matter** | **Current Deadline (ECF No. 73)** | **New Deadline** |
|---|---|---|
| Non-Expert Discovery Cutoff[1] | September 25, 2026 | March 25, 2027 |
| Expert Disclosures | November 4, 2026 | May 4, 2027 |
| Rebuttal Expert Disclosures | December 2, 2026 | June 4, 2027 |
| Expert Discovery Cutoff | January 8, 2027 | July 8, 2027 |
| Status Conference | None | January 20, 2027, at 11:00 a.m. |
| Dispositive Motions Filing Deadline | February 17, 2027 | August 17, 2027 |
| Pre-Trial Conference | July 26, 2027, at 1:30 p.m. | January 10, 2028, at 1:30 p.m. |
| Jury Trial | October 5, 2027, at 8:30 a.m. | March 7, 2028, at 8:30 a.m. |

IT IS SO ORDERED.

Dated: **September 11, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

[1] Absent extraordinary circumstances, no further extension to the non-expert deadline shall be permitted.